UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONELL LLOYD,

                Plaintiff,

- against -

MARCIA REGISFORD, et al.,

                Defendants.

**OPINION & ORDER**

22-CV-03744 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Donell Lloyd ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action on May 6, 2022 for various constitutional law violations pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges in the Amended Complaint, the operative pleading, that seven employees of the New York State Department of Corrections and Community Supervision ("DOCCS")—Hearing Officer Marcia Regisford ("Regisford"), Sergeant Darryl Montgomery ("Montgomery"), Correction Officer Shaun Kerr ("Kerr"), Correction Officer Miguel Malave ("Malave"), Correction Officer Henry Gutierrez ("Gutierrez"), Correction Officer Williams ("Williams"), Correction Officer Mowatt ("Mowatt" and together, "Defendants")—violated his rights during his incarceration at Sing Sing Correctional Facility in November 2021. (Doc. 12, "FAC").[1]

---

[1] Plaintiff's original Complaint initially named Regisford, Montgomery, Williams, Kerr, Mowatt, and four John Doe correction officers as defendants. (Doc. 1). The Court issued a *Valentin* Order on July 11, 2022, directing the New York State Attorney General's Office "to identify the John Doe correction officers who were involved in the incidents Plaintiff described that occurred on November 17, 2021, at Sing Sing Correctional Facility." (Doc. 8). The New York State Attorney General's Office filed a response to the Court's *Valentin* Order on September 9, 2022, identifying the John Doe correction officers "who may have been present during an alleged use of force involving Plaintiff at Sing Sing on November 17, 2021" as Gutierrez and Malave and further responding that they were unable to identify any additional John Doe correctional officers from the allegations in the Complaint. (Doc. 11). The Court accordingly directed the issuance of summonses as to Gutierrez and Malave and terminated the remaining two John Doe correction officers as defendants. (Doc. 22).

Defendants Regisford, Montgomery, and Kerr, in accordance with the briefing schedule set by the Court, filed a motion to dismiss the Amended Complaint on February 15, 2023 pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 27; Doc. 28, "Def. Br.").[2] On April 4, 2023, the Court *sua sponte* extended the deadline for Plaintiff to file his opposition to the pending motion to dismiss to May 4, 2023. (Doc. 31). Plaintiff requested a second extension of time on April 28, 2023 (Doc. 34), which the Court granted on May 1, 2023, extending the deadline for Plaintiff to file his opposition to June 3, 2023 (Doc. 35). Plaintiff requested a third extension of time on June 5, 2023 (Doc. 36), which the Court granted on June 6, 2023, extending the deadline for Plaintiff to file his opposition to July 20, 2023 (Doc. 37). The Court warned, in granting Plaintiff's third request for an extension to the briefing schedule, that "[n]o further extensions to the motion to dismiss briefing schedule will be granted." (Doc. 37). Plaintiff has failed to file any opposition to the motion to dismiss. As is clear from the docket, Plaintiff was sent Defendants' moving papers. The Court has received no communications from Plaintiff regarding the motion to dismiss since June 5, 2023 and, as such, considers the motion fully submitted and unopposed.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

---

[2] Defendants Malave, Gutierrez, WIlliams, and Mowatt had not yet been served at the time the motion to dismiss was filed. Malave was served on February 16, 2023 (Doc. 40) and Gutierrez was served on March 9, 2023 (Doc. 41). Malave and Gutierrez thereafter moved to be deemed moving parties with respect to the pending motion to dismiss on July 19, 2023. (Doc. 45). The Court granted that request and deemed Malave and Gutierrez as moving parties. (Doc. 46). Williams and Mowatt have not yet been served, nor has Plaintiff sought to extend the time to serve them. Defendants argue that their motion to dismiss is "equally applicable" to the Williams and Mowatt and requests that the Court "dismiss the Amended Complaint against all named defendants." (Def. Br. at 1, n.1). "'[W]here, as here, a motion to dismiss has been made by some but not all defendants, the Court can (and arguably should, so as to prevent piecemeal adjudication) consider the viability of the plaintiff's remaining claims as well, including those asserted against unserved named defendants.'" *Crichlow v. Annucci*, No. 18-CV-03222, 2022 WL 6167135, at *13 (S.D.N.Y. Oct. 7, 2022) (quoting *Cruz v. Hastings*, No. 20-CV-04392, 2022 WL 1050795, at *7 n.10 (S.D.N.Y. Jan. 31, 2022)); *see also Williams v. Novoa*, No. 19-CV-11545, 2022 WL 161479, at *10-13 (S.D.N.Y. Jan. 18, 2022) (considering the viability of claims against unserved defendants on a motion to dismiss made by served defendants "[i]n the interest of judicial economy"). Accordingly, the Court considers the instant motion to dismiss against all Defendants in the interest of judicial economy.

## BACKGROUND

Plaintiff alleges that on November 17, 2021, while incarcerated at Sing Sing Correctional Facility ("Sing Sing"), he was attacked by a female correctional officer and two male correctional officers while walking back to his cell from the commissary. (FAC at 4). Plaintiff alleges that these three unidentified correctional officers struck him on his right ear first and then continued striking him while he was on the ground. (*Id.*). He was then handcuffed and struck again in the face. (*Id.*). Plaintiff was then taken to the hospital where he alleges that he was "assaulted again by about four [correctional officers], until someone told them to stop before they killed us." (*Id.*). Plaintiff alleges that he suffered a laceration to each eye measuring 1.5 inches by 1.5 inches, an abrasion on his left elbow measuring 0.25 inches by 0.25 inches, a sprain to his left index finger, and a tear to his right ear of an unspecified size. (*Id.* at 5).

Plaintiff alleges that he "passed out" after he was struck by the correction officers and was then taken to Mount Vernon Hospital and Westchester Medical Center for some unspecified amount of time. (*Id.* at 4). He was thereafter placed in the infirmary at Sing Sing where he "was not able to see anyone, no doctor, no nurse, and no visits from [his] family." (*Id.*). Plaintiff alleges that he was not able to see anyone while he was housed in the infirmary and that his "rights were violated due to not being able to see anyone." (*Id.*). Plaintiff was kept in the infirmary until his injuries healed. (*Id.* at 5).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-pled factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-pled factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "is inapplicable to legal conclusions,' and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). In construing complaints by plaintiffs proceeding *pro se*, the Court "applies a more flexible standard to evaluate their sufficiency than it would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139–40 (2d Cir. 2000). Thus, the Court is obligated to

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

4

construe pro se pleadings with "special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). However, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Dismissal of a *pro se* complaint is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

When deciding an unopposed motion to dismiss, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the Amended Complaint even without the benefit of an opposition from Plaintiff.

## ANALYSIS

Defendants interpret the Amended Complaint as pressing three claims for relief pursuant to 42 U.S.C. § 1983: (1) an Eighth Amendment excessive force claim; (2) an Eighth Amendment deliberate indifference to medical needs claim; and (3) a First Amendment right to freedom of association claim. (Def. Br. at 1).

I.    Failure to Exhaust Administrative Remedies

Defendants first argue that the Amended Complaint should be dismissed "because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA")

5

prior to bringing this action." (Def. Br. at 7). "Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. Accordingly, inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). "However, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Id.* The Amended Complaint contains no references to Plaintiffs' efforts—or lack of efforts—to exhaust his administrative remedies. It is therefore not clear on the face of the complaint that Plaintiff did not satisfy the PLRA's exhaustion requirement.

Accordingly, Defendants' motion to dismiss the Amended Complaint is denied to the extent that it is based on failure to exhaust administrative remedies under the PLRA.

II.   Personal Involvement

Defendants argue that the Amended Complaint should be dismissed because "Plaintiff fails to allege that any [D]efendant was *in any way* personally involved in violating his Constitutional rights in this matter." (Def. Br. at 3 (emphasis in original)). "As a fundamental prerequisite 'to establishing a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Thomas v. Morley*, No. 20-CV-07520, 2022 WL 394384, at *6 (S.D.N.Y. Feb. 9, 2022) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id.* (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). Liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Plaintiff alleges that he was assaulted by several correctional officers, but does not

6

clarify which Defendants were involved in the incident. Plaintiff also fails to allege which Defendants were involved in the deliberate indifference to his medical needs or the restriction of his visitation privileges while he was housed in the infirmary. "Although [Defendants] appear in the caption of the Amended Complaint and on the list of Defendants, this is insufficient to allege the personal involvement of these Defendants." *Green v. Garcia*, No. 18-CV-01745, 2020 WL 1467359, at *4 (S.D.N.Y. Mar. 25, 2020) (collecting cases); *see also Ward v. Coley*, No. 18-CV-02382, 2019 WL 977887, at *5 (S.D.N.Y. Feb. 28, 2019) (allegations that an "unnamed C.S.S. staff members violently yanked [p]laintiff" did "not satisfy the personal involvement requirement"); *Harden v. Badger*, No. 19-CV-03839, 2020 WL 7211295, at *5 (S.D.N.Y. Dec. 7, 2020) (dismissing a deliberate indifference to medical needs claim where "plaintiff does not allege [defendants] were personally involved in any aspect of his medical care").

With respect to Plaintiff's excessive force claim, "if Plaintiff were to state the names of each person who was present during the assault, and that these defendants either directly participated in the excessive force or failed to intervene, such allegations would be sufficient to allege personal involvement.'" *Green*, 2020 WL 1467359, at *5. The same applies to Plaintiff's claims for deliberate indifference to medical needs and freedom of association. *See Trisvan v. Annucci*, No. 14-CV-06016, 2019 WL 2304647, at *7 (E.D.N.Y. May 30, 2019) (a plaintiff pressing a First Amendment claim under Section 1983 must allege the defendant "was personally involved—that is, he directly participated—in the alleged constitutional deprivations"); *Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d 382, 397 (S.D.N.Y. 2020) (a plaintiff pressing a deliberate indifference to medical needs claim under Section 1983 must allege the defendant "was present at the scene and directly involved" in the alleged indifference). If Plaintiff were to

7

state the names of each person who directly participated in these alleged violations of his rights, such allegations would be sufficient to allege personal involvement. *Id.*

Accordingly, Plaintiff's claims are dismissed without prejudice for failure to allege that any Defendant was personally involved in the events giving rise to Plaintiff's claims.[4]

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Amended Complaint is dismissed without prejudice. If Plaintiff wishes to file a Second Amended Complaint addressing the deficiencies identified in this Opinion & Order, Plaintiff must do so within 30 days of the date of this Opinion & Order. Should Plaintiff elect to file a Second Amended Complaint, it will replace, not supplement, all prior complaints. Failure to timely file a Second Amended Complaint may result in dismissal of this action with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 27.

---

[4] The Court need not, and does not, reach the balance of Defendants' arguments made in their motion to dismiss given the holding herein.

SO ORDERED.

Dated: White Plains, New York
       September 12, 2023

*[signature]*

PHILIP M. HALPERN
United States District Judge

9